**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

NANCY CARTER                                                                                   PLAINTIFF

vs.                                                                               Civil Action No. 3:03-cv-780WS

STATE OF MISSISSIPPI, ET AL.                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the defendants -- the State of Mississippi, the Mississippi Department of Rehabilitation Services, and the Mississippi Department of Disability Determination Services[1] -- for summary judgment **[Docket No. 18]**, filed pursuant to Federal Rules of Civil Procedure 56(b)[2] and 56(c).[3] The plaintiff here is Nancy Carter, who initiated this lawsuit *pro se*. Plaintiff is presently represented by counsel. In her complaint, plaintiff alleges, *inter alia*, that the defendants violated the Age

---

[1] Political subdivision" means any body politic or body corporate other than the state responsible for governmental activities only in geographic areas smaller than that of the state, including, but not limited to, any county, municipality, school district, community hospital as defined in Section 41- 13-10, Mississippi Code of 1972, Miss. Code Ann. § 11-46-1.

[2] Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

[3] Federal Rule of Civil Procedure 56(c) provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Discrimination in Employment Act[4] (hereinafter "ADEA") and retaliated against her for filing a complaint alleging age discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").  In support of their motion for summary judgment, the defendants argue that plaintiff's aforementioned claims are barred by the Eleventh Amendment.[5]  In comportment with the United States Supreme Court's holding in *Kimel v. Florida Board of Regents*, 528 U.S. 62, 120 S. Ct. 631, 145 L. Ed.2d 522 (2000), this court agrees, and, thus, dismisses plaintiff's ADEA and retaliation claims.

Plaintiff additionally asserts an intentional infliction of emotional distress claim.  The defendants argue that the plaintiff's intentional infliction of emotional distress claim is barred by the Eleventh Amendment, or, in the alternative, the Mississippi Tort Claims Act (hereinafter "MTCA").  This court is not convinced that the defendants properly invoked the Eleventh Amendment here; however, the court is persuaded that plaintiff's claim for intentional infliction of emotional distress is barred by the MTCA.

As such, for the reasons enunciated herein, this court finds the defendants' motion well-taken, and therefore, dismisses this lawsuit *in toto*.

---

[4]The ADEA of 1967 is codified at Title 29 U.S.C. § 621 *et seq.*  In pertinent part, Title 29 U.S.C. § 623(a)(1) states, "It shall be unlawful for an employer to fail or refuse to hire or to discharge an individual or otherwise discriminate against any individual . . . because of such individual's age."

[5]U.S. CONST. amend. XI states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

2

**BACKGROUND**

Plaintiff was employed with a division of the Mississippi Department of Education, which subsequently became a separate agency, the Mississippi Department of Rehabilitation Services (hereinafter "Rehabilitation Services"), from 1981 to December 2002. According to plaintiff, in early 2000, the defendants began requesting that plaintiff retire early. In September 2002, plaintiff took a medical leave of absence from Rehabilitation Services following a syncopal attack. At some point subsequent to plaintiff's fainting incident, her treating physician suggested that she be transferred to a different department of Rehabilitation Services. Plaintiff alleges that all of her oral requests for a transfer to a different department were denied.

After exhausting her medical leave time, plaintiff wrote a letter to the Executive Director of Rehabilitation Services on December 6, 2002, stating that she was still under "doctor's care and had not been released." She did not submit any documentation signed by her treating physician supporting the aforementioned assertion. In her letter, she requested an extension of her medical leave time without pay. This request was denied. On December 11, 2002, plaintiff wrote the Executive Director again, this time stating that she was resigning her position at Rehabilitation Services effective December 23, 2002. According to plaintiff, she resigned because she did not want to be terminated.

Prior to her resignation, plaintiff filed an EEOC complaint alleging age discrimination on August 15, 2002. In the documents accompanying the EEOC complaint, plaintiff alleges that her supervisor told her on three occasions that she "needed to retire." The EEOC declined to further investigate plaintiff's allegations and,

instead, issued a Notice of Right to Sue Letter on March 19, 2003. Plaintiff timely filed her lawsuit in this federal forum.

## JURISDICTION

Carter brings her claim under federal law, claiming her rights under the Age Discrimination Employment Act of 1967 were violated. The Court has subject matter jurisdiction of this claims by virtue of the ADEA, Title 29 U.S.C. § 623, *et seq.*

## SUMMARY JUDGMENT STANDARD

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that no actual dispute exists as to any material fact in the case. *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether to grant a Rule 56 motion, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id.* "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322.

In making a summary judgment determination, the court should not conduct a trial by affidavit; rather, "[c]redibility determinations, the weighing of the evidence, and the

4

drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wachenhut Protection Sys.*, 669 F.2d 1026, 1037 (5th Cir. 1982).

## ANALYSIS

### Eleventh Amendment

The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although today's cases concern suits brought by citizens against their own States, this Court has long "'understood the Eleventh Amendment to stand not so much for what it says, but for the presupposition . . . which it confirms.'" *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (quoting *Blatchford v. Native Village of Noatak,* 501 U.S. 775, 779, 111 S.Ct. 2578, 115 L.Ed.2d 686 (1991)). Accordingly, for over a century now, we have made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States. *College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.,* 527 U.S. 666, 669-670, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999); *Seminole Tribe, supra,* at

54, 116 S.Ct. 1114; see *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890). *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-73, 120 S.Ct. 631, 640 (2000).

The Fifth Circuit has for some time recognized that the Eleventh Amendment "... will extend to any state agency or other political entity that is deemed the 'alter ego' or an 'arm' of the State." *Vogt v. Board of Commissioners of the Orleans Levee District,* 294 F.3d 684, 688-89 (5th Cir.), *cert. denied,* 537 U.S. 1088, 123 S.Ct. 700, 154 L.Ed.2d 632 (2002) (citing *Regents of the Univ. of California v. Doe,* 519 U.S. 425, 429, 117 S.Ct. 900, 903-04, 137 L.Ed.2d 55 (1997)).  More specifically, the Fifth Circuit has opined that "... the Eleventh Amendment will bar a suit if the defendant state agency is so closely connected to the State that the State itself is 'the real, substantial party in interest.'"  *Vogt,* 294 F.3d at 689 (quoting *Hudson v. City of New Orleans,* 174 F.3d 677, 681 (5th Cir.), *cert. denied,* 528 U.S. 1004, 120 S.Ct. 498, 145 L.Ed.2d 385 (1999).

Carter nonetheless contends the State of Mississippi must defend the present suit on the merits because Congress abrogated their Eleventh Amendment immunity in the ADEA.

### ADEA Claims

The Age Discrimination in Employment Act of 1967 (ADEA or Act), as amended, makes it unlawful for an employer  "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." Title 29 U.S.C. § 623(a)(1).  *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, *62, 120 S.Ct. 631, **634 (2000).  "Congress chose not to include age within discrimination forbidden by

Title VII of the Civil Rights Act of 1964." *General Dynamics Land Systems, Inc. v. Cline*, 540 U.S. 581, 586-87, 124 S.Ct. 1236 (2004).

The elements of a Title VII prima facie case, as outlined in *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 1819, 36 L.Ed.2d 668 (1973), appertain to suits arising under the ADEA. *Reeves v. General Foods Corp.,* 682 F.2d 515 (5th Cir. 1982); *Williams v. General Motors Corp.,* 656 F.2d 120 (5th Cir.1981). In order to establish a prima facie showing of age discrimination, the plaintiff must demonstrate that he was a member of the protected class, was discharged and later replaced by a person outside the protected class, and was qualified to perform the job. *Williams v. General Motors Corp.; Houser v. Sears, Roebuck & Co.,* 627 F.2d 756 (5th Cir.1980); *Price v. Maryland Casualty Co.,* 561 F.2d 609 (5th Cir.1977). Where a case does not conform to the *McDonnell* formula, however, the trial court is free to deviate therefrom. *Williams v. General Motors Corp.; McCorstin v. United States Steel Corp.,* 621 F.2d 749 (5th Cir.1980). *Bohrer v. Hanes Corp.* 715 F.2d 213, *218 (Tex. 1983).

Plaintiff's ADEA claim is barred by the doctrine of sovereign immunity. *See Kimel*, 528 U.S. at 91. In *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), the Supreme Court held that states and state agencies could not be sued under the ADEA without an express waiver of sovereign immunity. Although Congress in enacting the ADEA expressly intended to abrogate the sovereign immunity of the States in lawsuits alleging age discrimination, the United States Supreme Court determined that the "ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment." *Id.* As such, the Court held that "the ADEA's purported

7

abrogation of the States' sovereign immunity is . . . invalid." *Id.* In accordance with the Supreme Court's holding in *Kimel*, this court determines that plaintiff is barred from seeking monetary damages against the defendants -- all State of Mississippi governmental entities -- based on the ADEA.

In her submissions and during oral arguments on the motion now before the court, plaintiff has demonstrated a fundamental misunderstanding of the Supreme Court's holding in *Kimel*. Plaintiff argues that there was a "pattern of age discrimination" at Rehabilitation Services. Accordingly, plaintiff argues she should be allowed to recover under the ADEA. Plaintiff's assertions are clearly erroneous. The Supreme Court clearly held in *Kimel* that the ADEA was an inappropriate use of Congress' legislation-making powers, and thus, invalid.

### Retaliation Claim

Section § 2000e-3(a) of Title 42 prohibits an employer from "discriminat[ing] against any of his employees ... because [the employee] has ... made a charge ... under this subchapter." Title 42 U.S.C.A. § 2000e-3(a) (1981). Similarly, the Age Discrimination in Employment Act ("ADEA") prohibits an employer from discriminating against an employee who has made a charge or participated in a proceeding under this act. *See* Title 29 U.S.C.A. § 623(d) (1985). A plaintiff establishes a prima facie case of retaliation by showing: (1) that she engaged in activity protected by Title VII or the ADEA; (2) that an adverse employment action occurred; and (3) that there was a causal connection between the participation in the protected activity and the adverse employment decision. *See Jones v. Flagship Int'l,* 793 F.2d 714, 724 (5th Cir.1986),

*Shirley v. Chrysler First, Inc.*, 970 F.2d 39, 42 (Miss. 1992).

Plaintiff's claim of retaliation is likewise barred by sovereign immunity. The jurisprudence is clear that claims of retaliation based solely on the ADEA are barred by the *Kimel* decision. *Latham v. Office of Atty. General of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005), *cert denied*, 126 S. Ct. 420 (Oct. 11, 2005); *Forside v. Miss. State Univ*., 2002 WL 31992181, at *4 (N.D. Miss. Dec. 30, 2002).

This court recognizes that claims of speech-based retaliation based on the First,[6] Fifth,[7] and/or Fourteenth[8] Amendments are not barred by sovereign immunity. In her retaliation claim, however, plaintiff does not cite any of the aforementioned Amendments. Instead, her claim is crafted under the ADEA and Title VII of the Civil Rights Act of 1964, both of which are not cognizable bases for a valid retaliation claim. As such, plaintiff's retaliation claim also is barred by the Eleventh Amendment.

### Intentional Infliction of Emotional Distress

Mississippi courts have long recognized the tort of intentional infliction of emotional distress. However, "[m]eeting the requisite elements of a claim for intentional infliction of emotional distress is a tall order in Mississippi." *Jenkins v. City of Grenada,* 813 F.Supp.

---

[6]U.S. CONST. amend. I states, in pertinent part, that "Congress shall make no law . . . abridging the freedom of speech."

[7]U.S. CONST. amend. V states, in pertinent part, that"[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . . ."

[8]U.S. CONST. amend. XIV states, in pertinent part, that "[n]o State shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

443, 446 (N.D. Miss.1993).  The Fifth Circuit acknowledged in *Haun v. Ideal Indus. Inc.*, 81 F.3d 541, 548 (5th Cir.1996), that Mississippi courts recognize intentional infliction of emotional distress when the defendant's conduct . . . evokes outrage or revulsion.  The courts have "repeatedly stated that a claim for intentional infliction of emotional distress will not lie for mere employment disputes." Jenkins, 813 F.Supp. at 377 (citing Johnson v. Merrell Dow Pharm., Inc., 965 F.2d 31, 33 (5th Cir.1992)).

The defendants attack plaintiff's claim of intentional infliction of emotional distress on three grounds: 1) that the intentional infliction of emotional distress claim is barred by the Eleventh Amendment; 2) that plaintiff failed properly to allege a violation of the MTCA, and 3) that plaintiff failed to show essential elements of the claim for intentional infliction of emotional distress, specifically shocking or outrageous conduct.

In her response to the motion for summary judgment, plaintiff did not respond to any of the defendants' attacks.  The court is not convinced that plaintiff's intentional infliction of emotional distress claim is barred by the Eleventh Amendment.  The MTCA serves as a limited waiver of Mississippi's sovereign immunity.  *See Whitt v. Gordon*, 872 So.2d 71, 73 (Miss. App. Ct. 2004) (holding that the MTCA provides a limited waiver of Mississippi's sovereign immunity for actions against state agencies).  The State of Mississippi has waived its sovereign immunity against lawsuits asserting intentional infliction of emotional distress claims.  *See Herman v. City of Shannon*, 296 F.Supp.2d 709, 715 (N.D. 2003) (holds that intentional infliction of emotional distress claims against governmental entities are not barred by the MTCA;  however, such claims  are subject to the strictures of the MTCA).

In the instant case, plaintiff has failed properly to comply with the strictures of the MTCA. Under the MTCA, as codified in the Mississippi Code Annotated, plaintiff was required to give the defendants proper notice of her claim for intentional infliction of emotion distress. MISS. CODE ANN. 11-46-11(1) (2005). According to the statute, a plaintiff must file a notice of claim with the chief executive officer of the governmental entity ninety (90) days before filing a lawsuit. *Id.* Plaintiff did not furnish a notice of claim before filing the lawsuit, nor did she assert in her complaint that the MTCA is applicable here. Therefore, plaintiff's claim for intentional infliction of emotional distress is barred by the MTCA.

## **CONCLUSION**

This court finds that plaintiff's ADEA and retaliation claims are barred by the doctrine of sovereign immunity as provided in the Eleventh Amendment. This court also finds that plaintiff's intentional infliction of emotional distress claim is barred by the MTCA.

Consequently, the court dismisses plaintiff's lawsuit *in toto*. The court will enter a Final Judgment in accordance with the local rules.

**SO ORDERED** this the 30th day of September, 2006.

**s/ HENRY T. WINGATE**

_____

**CHIEF JUDGE UNITED STATES DISTRICT COURT**

Civil Action No. 3:03-cv-780WS

Memorandum Opinion and Order